**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3109-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TERRILL D. SPANN,

     Defendant-Appellant.

_____

Submitted September 12, 2022 – Decided October 25, 2022

Before Judges Whipple, Mawla and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-03-0037.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Steven A. Yomtov, Deputy Attorney General, on the brief).

PER CURIAM

Defendant Terrill D. Spann pled guilty to causing the drug-induced deaths of G.G. and W.C. by violating N.J.S.A. 2C:35-9(a). He was sentenced to concurrent ten-year terms of incarceration subject to the No Early Release Act (NERA), N.J.S.A. 2C:42-7.2. He now appeals from an order denying his post-conviction relief (PCR) petition. Defendant argues, among other things, that his counsel's failure to seek exculpatory evidence prior to his guilty plea deprived him of his constitutional right to effective assistance of counsel. Defendant also claims that counsel failed to argue certain mitigating factors at sentencing. We reject these arguments and affirm.

I.

On August 3, 2017, W.C. was found dead at home. In the victim's bedroom, first responders observed a syringe and capped purple wax folds stamped "Playboy." The medical examiner's report attributed the cause of death to acute fentanyl and heroin toxicity.

The police secured a warrant to examine the contents of W.C.'s cellphone, which contained several text messages regarding drug buys from defendant. The text messages also revealed a conversation between defendant and W.C., which consistently referred to the drugs as the "green" and "purple" ones.

On August 19, 2017, G.G.'s mother, A.C., discovered the lifeless body of G.G., in her bedroom. The medical examiner's report attributed her cause of death to acute fentanyl and heroin toxicity. Alarmed by the similarities of the two deaths, the Attorney General's Division of Criminal Justice (DCJ) investigated the matter. During their investigation, A.C. told the DCJ that she observed her daughter purchase drugs from someone identified as "Skeet." The DCJ showed A.C. two photos that included defendant's picture. A.C. identified defendant's photo, and then explained that G.G. had bought drugs from him.

A.C. next signed a consent-to-search form for G.G.'s cellphone. The cellphone extraction report revealed several text communications between defendant and G.G. Specifically, the victim's text messages established she had purchased heroin from defendant on the evening of her death. However, the extraction report also showed the possibility that G.G. purchased drugs from an individual listed as "D.C." in her contacts. The texts revealed that G.G. met with D.C. the night before her death to execute a transaction.

On March 5, 2018, a grand jury returned an indictment charging defendant with two counts of first-degree strict liability for drug-induced death of W.C. and G.G., in violation of N.J.S.A. 2C:35-9, and two counts of third-degree

3

distribution of a controlled dangerous substance, in violation of N.J.S.A. 2C:35-3(a)(1).

After the indictment, defendant pled guilty to two counts of first-degree strict liability for drug-induced death in exchange for a recommended sentence of concurrent ten-year prison terms subject to parole ineligibility under NERA, and dismissal of the remaining counts.

At sentencing, the court considered the record and found aggravating factors three, six, and nine while finding no mitigating factors. The court then imposed the agreed-upon sentence.

Defendant did not pursue a direct appeal,[1] rather he filed a pro se PCR petition and was assigned PCR counsel, who filed an amended petition. The PCR court conducted an evidentiary hearing, taking testimony from defendant, defense counsel, and the Deputy Attorney General who prosecuted defendant's case. The PCR court denied relief, rejecting defendant's claim that counsel was ineffective by failing to obtain the cellphone extraction report in discovery. The court credited testimony from defense counsel that they made defendant aware of the contents of the cellphone extraction report even though counsel did not

---

[1] When asked by the court at the PCR hearing whether he had intended to make a direct appeal, defendant stated that he did not.

A-3109-20

have them in their possession prior to defendant's agreement to plead guilty. The court found defense counsel "clearly and forcefully" discussed trial strategy with defendant, which included pursuit of the theory that drug users typically have more than one supplier of drugs, thereby raising reasonable doubt as to defendant's guilt.

The court found defendant failed to establish his plea counsel's performance was deficient, concluding that counsel made a reasonable effort to: persuade defendant not to plead guilty; preserve the record as to any outstanding discovery; and inform defendant of the consequences to him of accepting the plea offer.

The PCR court, citing defendant's testimony at the plea allocution,[2] found defendant pled guilty despite his counsel's insistence that they go to trial because the State lacked sufficient evidence to establish a prima facie case against him. It also noted that the outstanding discovery did not provide any exculpatory evidence and did "not promote a new defense in any meaningful way." Concluding that "buyer's remorse" was insufficient to find ineffective assistance

---

[2] Defendant told his counsel at the plea hearing, "I'm not fucking around with these white people. They giving (sic) me [a plea agreement], I'm gonna take it and go."

of counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the PCR court found defendant did not meet his burden.

The PCR court also rejected defendant's request for relief because of defense counsel's failure to present any mitigating factors under N.J.S.A. 2C:44-1(b), finding that defendant failed to offer facts to support mitigating factors five, six, and nine.  Examining the record, the PCR court found:  evidence that defendant committed a serious crime; no evidence that the victim facilitated the crime; no evidence that defendant intended to compensate the victim's family; and evidence that defendant engaged in the illegal activity for his financial gain. The court also found defendant entered the plea pursuant to a negotiated agreement that provided a favorable resolution, with defendant receiving the lowest possible sentence within the first-degree offense range.

The court entered an order denying defendant's PCR petition.  Defendant appeals, making the following arguments:

> I. THE STATE'S FAILURE TO PROVIDE DEFENSE COUNSEL WITH EXCULPATORY EVIDENCE VIOLATED DEFENDANT'S RIGHT TO PRESENT A DEFENSE AND TO THE EFFECTIVE ASSISTANCE OF COUNSEL, AND CAUSED DEFENDANT'S GUILTY PLEA TO BE ENTERED INVOLUNTARILY, WITHOUT A FULL UNDERSTANDING OF ITS CONSEQUENCES.

6

II. SENTENCING COUNSEL'S FAILURE TO INVESTIGATE AND ARGUE IN FAVOR OF MITIGATING FACTORS AND MAKE ANY SENTENCING ARGUMENT ON DEFENDANT'S BEHALF, RESULTED IN DEFENDANT NOT HAVING THE ASSISTANCE OF COMPETENT COUNSEL AT HIS SENTENCE HEARING AND THEREFORE THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT A NEW SENTENCE.

II.

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420 (citing McCandless v. Vaughn, 172 F.3d 255, 265 (3d Cir. 1999)).

Where the PCR involves a plea bargain, "a defendant must prove that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)).

7

Defendant argues that his counsel failed to fully investigate the matter, adequately review the case with him, competently request the cellphone extraction reports from the State, and failed to argue certain mitigating factors at sentencing. We reject these contentions and affirm for the reasons set forth in Judge Benjamin S. Bucca, Jr.'s cogent decision. We add the following brief observations.

We analyze ineffective assistance of counsel claims using the two-prong test established by the Supreme Court in Strickland, 466 U.S. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong, a petitioner must show that counsel's performance was deficient. State v. Preciose, 129 N.J. 451, 463 (1992). It must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. "The second, and far more difficult, prong of the Strickland . . . test is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Preciose, 129 N.J. at 463-64 (quoting Strickland, 466 U.S. at 694). A failure to satisfy either prong of the

8

Strickland standard requires the denial of a petition for PCR. Strickland, 466 U.S. at 700.

Defendant failed to show that his counsel's performance was deficient under the Sixth Amendment. There is nothing in the record showing that counsel failed to adequately review the case or the plea deal with defendant. In fact, the credible evidence in the record suggests the opposite. Defense counsel testified during the evidentiary hearing that they advised defendant the State could not establish the causation element on the first-degree strict liability charges pursuant to N.J.S.A. 2C:35-9. The record shows that, despite counsel's repeated advice to defendant to go to trial, defendant refused because of his misgivings concerning the criminal justice system. We conclude that defense counsel's performance did not fall "below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

Even if counsel's performance was deficient under prong one of Strickland, which it was not, defendant has submitted no proof demonstrating a "reasonable probability" that, but for plea counsel's failure to seek the cellphone extraction report, defendant would have changed his decision to plead guilty and insisted on going to trial. Gaitan, 209 N.J. at 351.

Defendant next contends counsel was ineffective at the sentencing hearing by failing to address mitigating factors five, six, and nine. Defendant relies on State v. Hess, 207 N.J. 123, 154 (2011), to support the proposition that "failure to present mitigating evidence or argue for mitigating factors" may constitute ineffective assistance of counsel. We disagree and are not persuaded that Hess applies to these facts. We defer to the PCR court's thorough findings on this issue. The negotiated plea agreement was, by any objective analysis, favorable to defendant. A "failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990).

In sum, the record reveals nothing to support a finding that defense counsel's performance somehow failed to meet the standard guaranteed by the Sixth Amendment. See Gaitan, 209 N.J. at 349-50. We discern no reason to disturb Judge Bucca's order.

To the extent that we have not addressed any remaining arguments by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3109-20